# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOSPICE CENTER OF SOUTHEASTERN OKLAHOMA, INC.,<br>     **Plaintiff,**<br><br>vs.<br><br>KATHLEEN SEBELIUS, SECRETARY, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>     Defendant. | Case No. 10-CIV-269-RAW |

## ORDER

Before the court is the Plaintiff's Motion for Award of Attorney Fees Under EAJA [Docket No. 46]. This case was originally filed on July 22, 2010 regarding an adverse reimbursement review. The court entered an order of remand on January 9, 2013 [Docket Nos. 44 and 45]. The 60-day period for appealing the judgment has expired and there is no dispute that the present application was timely filed.

Plaintiff requests $19,783.50 for attorney fees and $350.00 for court costs. Defendant does not object to the court awarding attorney fees and court costs, but does object to the court awarding an enhanced hourly rate. Defendant also objects to any award being made directly to Plaintiff's counsel. Finally, Defendant objects to Plaintiff's request for 5.3 hours incurred regarding the assignment of EAJA fees from Plaintiff to counsel [Docket No. 47].

"The Equal Access to Justice Act (EAJA) [28 U.S.C. §2412(d)(1)(A)] provides for the award of fees and expenses to the prevailing party in a civil action against the Federal

1

Government, unless the position of the United States was substantially justified." *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 520 (10 Cir.1993). An agency position is substantially justified in this context if it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988).

Defendant does not dispute Plaintiff's status as a prevailing party in this litigation (Docket No. 47, page 1). The government bears the burden of establishing its position was so justified. *See Al-Maleki v. Holder,* 558 F.3d 1200, 1207 (10th Cir.2009). Accordingly, this court makes the express finding that it was not substantially justified.

## Enhanced Award

Plaintiff requests reimbursement of 74.7 hours of attorney fees at an hourly rate of $255 for hours incurred in 2010 and $285 for hours incurred in 2011. The EAJA provides for the award of attorney fees at the prevailing market rate of $125 per hour, unless the court determines that an increase in the cost of living <u>or a special factor</u> justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A) (emphasis added)[1].

The Ninth Circuit found that enhanced rates were warranted "where the attorneys possess distinctive knowledge and specialized skill that was needful to the litigation in question and not available elsewhere at the statutory rate." *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009). Plaintiff's counsel has displayed distinctive knowledge and specialized skill in this

---

[1]The court takes judicial notice that the office of General Counsel, Region VI of the Social Security Administration has provided hourly rates consistent with the yearly average CPI-U. The General Counsel has previously approved hourly rates of $179 per hour for 2011 and $175 per hour for 2010 in this region.

matter.  Further, Plaintiff's counsel concentrates its practice in matters concerning healthcare programs.  Additionally, Plaintiff's counsel have developed a practice specialty in Social Security law.  Counsel's skill and knowledge led to an efficient use of time and resources, which resulted in a reasonable amount of attorney fees.

This court denied a special factor enhancement in a previous motion for attorney fees involving these parties.  *See Hospice Center of Southeastern Oklahoma, Inc. v. Sebelius*, Case No. 10-CIV-401-RAW (order dated August 11, 2011).  That particular case was filed after the instant case, but was decided prior to this case.  In its reply, Plaintiff argues for the enhancement stating that "all issues of fact and law, arguments, and analysis on the subject matter were encountered for the first time, preparing Plaintiff for subsequent litigation." Docket No. 48, Page 2.

The Tenth Circuit previously stated that expertise in Social Security law did not automatically entitle counsel to a fee enhancement.  *Chynoweth v. Sullivan,* 920 F.2d 648, 650 (10th Cir. 1990).  In this particular case, however, the court is persuaded that Plaintiff's counsel has shown "the legal services rendered require[d] specialized training and expertise unattainable by a competent attorney through a diligent study of the governing legal principles." *Chynoweth,* 902 F.2d at 650.  Thus, the court grants the request for an enhanced fee award.

### Fees Payable to Prevailing Party

Plaintiff requests that the Defendant direct the attorney fee award to counsel, upon a determination that Plaintiff has no outstanding final federal debt subject to the Treasury Offset

Program. Counsel states that Plaintiff has assigned the fees to counsel and that Plaintiff has no outstanding federal debt. Plaintiff cites *Astrue v. Ratliff*, 130 S.Ct. 2521 for its argument on this point. The court has no mechanism to determine whether Plaintiff owes any federal debt, and therefore, leaves it to the discretion of the Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees. *See Preston v. Astrue,* 2010 WL 3522156 (M.D. Fla. Sep. 8, 2010).

### Hours Regarding Assignment of EAJA Fees

Defendant objects to Plaintiff's request for 5.3 hours spent of the issue of assignment of EAJA fees from Plaintiff to counsel. In light of the recent case law on this issue, the court is persuaded that the hours incurred regarding this issue were justified.

### Conclusion

For the reasons stated above, it is the Order of the court that the Plaintiff be GRANTED reasonable attorney's fees in the amount of **$19,783.50** for services rendered pursuant to 28 U.S.C. §2412(a) and (d). Additionally, **$350.00** will be reimbursed to the Plaintiff for costs.

**Ordered this 13th day of May, 2013.**

**Dated this 13th day of May, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma